# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-2776-JVS (SP) | Date | May 19, 2017 |
|---|---|---|---|
| Title | DEVON-SAMUEL JAMES-SINGLETON PERKINS v. PEOPLE OF THE STATE OF CALIFORNIA | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | | |
|---|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:** **(In Chambers) Order to Show Cause Why First Amended Petition Should Not Be Dismissed Due to Failure to Exhaust and Pending State Petition**

On May 11, 2017, petitioner Devon-Samuel James-Singleton Perkins filed a First Amended Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "FAP"), following the court's dismissal of his initial petition in this case with leave to amend. The FAP corrects the deficiencies identified in the initial petition, but it reveals others.

In particular, it appears that the FAP is subject to dismissal because, as indicated in the FAP, petitioner has not exhausted his state remedies with respect to all the grounds raised in his FAP. Further, petitioner states that a habeas petition is currently pending before the California Supreme Court for review, and that he has a pending petition for writ of certiorari before the United States Supreme Court, either of which could moot the instant FAP. The court will not make a final determination regarding whether the FAP should be dismissed, however, without giving petitioner an opportunity to address these issues.

Accordingly, the court hereby issues this **Order to Show Cause why the FAP should not be dismissed**, and specifically orders petitioner to respond to the Order to Show Cause in writing by no later than **June 19, 2017**. The court further directs petitioner to review the information that follows, which provides additional explanation as to why the FAP appears to be subject to dismissal and may assist petitioner in determining how to respond.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 17-2776-JVS (SP) | Date | May 19, 2017 |
| Title | DEVON-SAMUEL JAMES-SINGLETON PERKINS v. PEOPLE OF THE STATE OF CALIFORNIA | | |

## The Exhaustion Requirement

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. *O'Sullivan*, 526 U.S. at 845.

For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." *Gatlin*, 189 F.3d at 888.

In this case, petitioner has raised two purported grounds for relief in the FAP: (1) the court imposed an illegal sentencing enhancement; and (2) ineffective assistance of appellate counsel in not appealing the enhancement. The FAP indicates that ground one has been raised in a habeas petition to the California Supreme Court that is still pending, and ground two has never been raised before a state court. Because the FAP indicates that neither of the grounds it raises have been ruled on by the California Supreme Court, it appears neither of the grounds raised have yet been exhausted. If this is correct, the FAP is subject to dismissal.

Further, even if the California Supreme Court rules on ground one, it appears ground two will still be unexhausted. The inclusion of both exhausted and unexhausted claims in a habeas petition renders it mixed and subject to dismissal without prejudice. *See Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2776-JVS (SP) | Date | May 19, 2017 |
|---|---|---|---|
| Title | DEVON-SAMUEL JAMES-SINGLETON PERKINS v. PEOPLE OF THE STATE OF CALIFORNIA | | |

containing both unexhausted and exhausted claims.").

## **Action Pending That Could Moot FAP**

As just noted, when a claim raised in a federal habeas petition is still pending before a state court, the petitioner has not met the exhaustion requirement because he has not given the state court the first opportunity to address the federal claim. *See Duncan*, 513 U.S. at 365. "If the prisoner's claim is meritorious, and if the state remedy is prompt and complete, there is no need to bring post-conviction proceedings in federal courts." *Sherwood v. Tomkins*, 716 F.2d 632, 633 (9th Cir. 1983) (internal quotation marks and citation omitted).

Furthermore, a pending state appeal or petition renders a federal habeas petition subject to dismissal even if the claim raised in the federal petition is different from the issue raised in a pending state appeal or petition. *See Sherwood*, 716 F.2d at 634 ("When . . . an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged . . . has been finally settled in the state courts."); *see also Schnepp v. Oregon*, 333 F.2d 288, 288 (9th Cir. 1964) (per curiam) (state remedies not exhausted where a state post-conviction proceeding is pending). This is because, "even if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question." *Sherwood*, 716 F.2d at 634 (citing *Davidson v. Klinger*, 411 F.2d 746, 747 (9th Cir. 1969) (per curiam)).

Here, the FAP states petitioner currently has a pending petition for certiorari before the United States Supreme Court, and a pending habeas petition before the California Supreme Court. The court has verified that the California Courts' online Appeal Courts Case Information shows at least that petitioner has a pending habeas corpus proceeding in case number S241760. If petitioner retains a pending state action which may moot or otherwise affect his alleged constitutional claims before this Court, he must await the outcome of that action before presenting his claims in federal court, and thus the FAP would be subject to dismissal, unless petitioner requests and obtains a stay of the action, as discussed further below. *See Henderson v. Johnson*, 710 F.3d 872, 874 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 17-2776-JVS (SP) | Date | May 19, 2017 |
| Title | DEVON-SAMUEL JAMES-SINGLETON PERKINS v. PEOPLE OF THE STATE OF CALIFORNIA | | |

2013).

### Non-Cognizable Claim

Even if it were exhausted, petitioner's claim in ground one may not be cognizable in a federal habeas petition. Federal habeas relief is only available for violations of the federal Constitution, laws, and treaties. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). Plaintiff's claim in ground one – that the trial court erred in imposing a sentencing enhancement under the California Penal Code – is a matter of state sentencing law and as such, absent fundamental unfairness, is not cognizable on federal habeas review. *Souch v. Schaivo*, 289 F.3d 616, 623 (9th Cir. 2002) (holding that a trial court's alleged abuse of discretion in applying state sentencing law cannot form the basis for federal habeas relief); *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."); *Watts v. Bonneville*, 879 F.2d 685, 687 (9th Cir. 1989) (holding that petitioner's claim that his sentence violated California Penal Code § 654 was not cognizable on federal habeas review).

As such, it appears the only potentially viable federal habeas claim raised in the FAP is petitioner's claim in ground two for ineffective assistance of counsel. But as discussed above, it appears petitioner has made no effort to exhaust that claim in the state courts, and thus at this time this court cannot hear that claim either.

### Petitioner's Options

The Ninth Circuit has stated that lower courts "'have no obligation to act as counsel or paralegal to *pro se* litigants.'" *Ford v. Pliler*, 590 F.3d 782, 787 (9th Cir. 2009) (quoting *Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004)). But the Ninth Circuit has also recognized that courts may provide pro se litigants with "accurate instruction" before dismissing a "mixed" petition containing both exhausted and unexhausted claims. *See id.* at 786 ("The district court gave [the petitioner] accurate instruction before dismissing his mixed habeas petitions without prejudice. *Pliler* does not allow us to require anything more."). Petitioners with fully unexhausted petitions have some of the same options. *See Mena v. Long*, 813 F.3d 907,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2776-JVS (SP) | Date | May 19, 2017 |
|---|---|---|---|
| Title | DEVON-SAMUEL JAMES-SINGLETON PERKINS v. PEOPLE OF THE STATE OF CALIFORNIA | | |

912 (9th Cir. 2016); *Henderson*, 710 F.3d at 874. Accordingly, the court presents petitioner with the following options:

**Option 1:**

If petitioner contends that he has in fact exhausted his state court remedies on the grounds raised in his federal habeas FAP, he should clearly explain this in a written response to this Order to Show Cause. Further, if petitioner contends that in fact he does not currently have a petition pending for review that may moot his federal habeas FAP, he should also clearly explain in a written response. In addition, if petitioner contends ground one is in fact cognizable on federal habeas review, he should explain that in his written response too. The written response must be filed on or before **June 19, 2017**. Petitioner should attach to his response copies of any documents establishing that grounds one and two are indeed exhausted, that he does not have a matter pending before the California Supreme Court or United States Supreme Court, and that ground one is cognizable. (Petitioner may also file a response, and include a notice that, if the court still finds the FAP to be unexhausted, he alternatively selects one of the other options discussed below.)

**Option 2:**

Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for petitioner's convenience.** The court advises petitioner, however, that if petitioner should later attempt to again raise any dismissed claims in subsequent habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

**Option 3:**

If petitioner contends that some of his claims are unexhausted but some are not, or that some of his claims are cognizable but some are not, petitioner may request a voluntary dismissal of only the unexhausted and noncognizable claims, and elect to proceed on only his exhausted and cognizable claims. **Petitioner may also use the attached Notice of Dismissal form in order to select this option**. The court advises petitioner, however, that if petitioner elects to proceed now with only certain claims, any future habeas petition containing the dismissed grounds for relief or other claims that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2776-JVS (SP) | Date | May 19, 2017 |
|---|---|---|---|
| Title | DEVON-SAMUEL JAMES-SINGLETON PERKINS v. PEOPLE OF THE STATE OF CALIFORNIA | | |

could have been raised in the instant FAP may be rejected as successive (or may be time-barred). In addition, petitioner may not be able to proceed on his exhausted claims if he has a currently pending state habeas petition or petition for writ of certiorari.

**Option 4:**

Pursuant to *Rhines v. Weber*, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), and *Mena v. Long*, 813 F.3d at 910-12, petitioner may ask the court to stay all of the claims in the FAP while petitioner returns to the state courts to exhaust his already pled but unexhausted claims. To obtain a stay of this case pursuant to *Rhines*, petitioner is required to: (a) show good cause for his failure to exhaust grounds one and two in state court earlier; and (b) show that grounds one and two are not "plainly meritless." *See id.* at 277. (Petitioner also may request a *Rhines* stay, and include a notice that, if the court denies the *Rhines* stay, he alternatively selects one of the other options.)

**Option 5:**

If petitioner contends some of his claims are unexhausted but some are not, pursuant to *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007), petitioner may dismiss his unexhausted claims and ask the court to stay his remaining, fully exhausted claims while he returns to the state courts to exhaust his dismissed claims. The court advises petitioner, however, that "[a] petitioner seeking to use the *Kelly* procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely. And demonstrating timeliness will often be problematic under the now-applicable legal principles." *King v. Ryan*, 564 F.3d 1133, 1140-41 (9th Cir. 2009). Additionally, a petitioner may only amend a new claim into a pending federal habeas petition after the expiration of the limitations period if the new claim shares a "common core of operative facts" with the claims in the pending petition. *Mayle v. Felix*, 545 U.S. 644, 659, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005). (Petitioner also may request a *Kelly* stay, and include a notice that, if the court denies the *Kelly* stay, he alternatively selects one of the other options.)

**Caution**

Petitioner is cautioned that if he requests a stay and the court denies the request for a stay, or if petitioner contends that he has in fact exhausted his state court remedies on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2776-JVS (SP) | Date | May 19, 2017 |
|---|---|---|---|
| Title | DEVON-SAMUEL JAMES-SINGLETON PERKINS v. PEOPLE OF THE STATE OF CALIFORNIA | | |

all grounds and the court disagrees, the court may recommend that his FAP be dismissed. Accordingly, as noted above, petitioner may select options in the alternative.

In sum, in order to select Option 1, petitioner must file a response to this Order showing all grounds are exhausted, that he does not have a petition currently pending review before a state court, and that ground one is cognizable. In order to select Options 2 or 3, petitioner may file the attached Notice of Dismissal form and fill it out according to his choice. In order to select Options 4 or 5, petitioner must file a written response requesting a stay pursuant to either *Rhines* or *Kelly*. With Options 1, 4, or 5, petitioner may select an alternative option in the event the court finds certain claims unexhausted or non-cognizable, that a petition remains pending in state court, and/or denies the request for a stay. Whichever option petitioner selects, petitioner must file and serve the responding document clearly stating the option selected ***no later than June 19, 2017***.

**The court warns petitioner that failure to timely file and serve a response as directed in this order will result in a recommendation that this action be dismissed without prejudice for failure to exhaust state remedies, for failure to prosecute, and/or for failure to obey court orders.**